IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEEL S. STYLES, | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. 3:17-CV-2256-N-BH |
| v. | § | |
| | § | |
| EQUAL OPPORTUNITY | § | |
| EMPLOYMENT COMMISSION, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

**I.  BACKGROUND**

On August 24, 2017, Teel S. Styles (Plaintiff) filed this *pro se* action against the Equal Opportunity Employment Commission (EEOC) "on the grounds of A Destruction of Wealth Conspiracy and Organization of a Crime, Prostitution Engagement in the government body, Illegal History Abetting In the State Of Texas, Homicide frame to make state History, Failure to Respond, Failure to Render Service, [and] Breach of the Anti-Trust law. " (doc. 3 at 1.)[2] She claims it "held back" claims "for several months" on her charges against a church and its members for illegal prostitution, sexual harassment, and victimizing her minor child, and did not issue right to file suit letters to her until "[a]pproximately 5-10 days before the [e]xpiration of the 90 day period of the right to file [s]uit in Federal Court,. (*Id.* at 1.)  She appears to name Ed Young Fellowship Church and Tom Tillis of North Carolina as perpetrators. (*Id.* at 1-2.) She also seeks one trillion dollars in

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

damages. (*Id.* at 4.) No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges no factual support for her claims. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims that the EEOC had conspired in the destruction of wealth, participated in organized crime, engaged in government prostitution, abetted in homicide and illegal history, breached antitrust laws, and failed to respond and render service lack an arguable basis in fact because they are based on a

fantastical or delusional scenario. *See Melton v. Am. Civil Liberties Union*, No. 3-07-CV-0856-M, 2007 WL 2263953, at *1 (N.D. Tex. July 30, 2007) (finding claims that the ACLU was "seeking to impose minority rule through the courts, attacking the Boy Scouts of America, defending child molesters, and promoting legislation to have private property rights revoked" were frivolous and warranted dismissal under § 1915(e)(2)). These claims should therefore be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional).

### III.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on this 6th day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE